UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JAMES RICHARD WHIPPLE, | ) | 1:09-cv-01437-BAK-GSA HC |
| | ) | |
| Petitioner, | ) | ORDER REQUIRING PETITIONER TO FILE MOTION TO AMEND THE CAPTION TO NAME THE PROPER RESPONDENT WITHIN THIRTY DAYS |
| v. | ) | |
| | ) | |
| COURT CENTRAL DISTRICT OF CALIFORNIA, | ) | |
| | ) | |
| Respondent. | ) | |

Petitioner is a prisoner proceeding with a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.

On August 11, 2009, Petitioner filed the instant federal petition in the United States District Court for the Central District of California. (Doc. 1). On August 17, 2009, the case was transferred to this Court. (Doc. 4).

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief." Rule 4 of the Rules Governing 2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990). A

1

1  petition for habeas corpus should not be dismissed without leave to amend unless it appears that no
2  tenable claim for relief can be pleaded were such leave granted.  Jarvis v. Nelson, 440 F.2d 13, 14
3  (9th Cir. 1971).

4        A petitioner seeking habeas corpus relief under 28 U.S.C. § 2254 must name the state officer
5  having custody of him as the respondent to the petition.  Rule 2 (a) of the Rules Governing § 2254
6  Cases; Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996); Stanley v. California Supreme
7  Court, 21 F.3d 359, 360 (9th Cir. 1994).  Normally, the person having custody of an incarcerated
8  petitioner is the warden of the prison in which the petitioner is incarcerated because the warden has
9  "day-to-day control over" the petitioner. Brittingham v. United States, 982 F.2d 378, 379 (9th Cir.
10 1992); see also, Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994).  However,
11 the chief officer in charge of state penal institutions is also appropriate. Ortiz, 81 F.3d at 894;
12 Stanley, 21 F.3d at 360.  Where a petitioner is on probation or parole, the proper respondent is his
13 probation or parole officer and the official in charge of the parole or probation agency or state
14 correctional agency. Id.

15       Here, Petitioner has named as Respondent the "Court Central District of California."
16 However, "Court Central District of California" is not the warden or chief officer of the institution
17 where Petitioner is confined and, thus, does not have day-to-day control over Petitioner.  Petitioner is
18 presently confined at the Centinela State Prison, Imperial, California.  The current warden of that
19 facility is Domingo Uribe, Jr.  Petitioner should name as Respondent the individual in charge of that
20 facility.

21       Petitioner's failure to name a proper respondent requires dismissal of his habeas petition for
22 lack of jurisdiction. Stanley, 21 F.3d at 360; Olson v. California Adult Auth., 423 F.2d 1326, 1326
23 (9th Cir. 1970); see also, Billiteri v. United States Bd. Of Parole, 541 F.2d 938, 948 (2nd Cir. 1976).
24 **However, the Court will give Petitioner the opportunity to cure this defect by amending the**
25 **petition to name a proper respondent, such as the warden of his facility**.  See West v. Louisiana,
26 478 F.2d 1026, 1029 (5th Cir.1973), *vacated in part on other grounds*, 510 F.2d 363 (5th Cir.1975)
27 (en banc) (allowing petitioner to amend petition to name proper respondent); Ashley v. State of
28

Washington, 394 F.2d 125 (9th Cir. 1968) (same).

**In the interests of judicial economy, Petitioner *need not* file an amended petition. Instead, Petitioner can satisfy this deficiency in his petition by filing a motion entitled "Motion to Amend the Petition to Name a Proper Respondent" wherein Petitioner may request amending the petition to name the proper respondent in this action.**

**ORDER**

Accordingly, IT IS ORDERED that, within thirty (30) days from the date of service of this order, Petitioner must file a motion to amend the instant petition to name a proper respondent. **Failure to amend the petition and state a proper respondent will result in an order or recommendation that the petition be dismissed for lack of jurisdiction.**

IT IS SO ORDERED.

Dated:   **December 7, 2009**                              **/s/ Gary S. Austin**
                                                                              UNITED STATES MAGISTRATE JUDGE

3